Shane E. Olafson (Bar No. 024605)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Phone: (602) 262-5311

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| The Friedkin Group, Inc., | No. CV-17-00949-PHX-BSB |
|---|---|
| Plaintiff, | **EMERGENCY NOTICE AND DECLARATION REGARDING MODIFICATION OF DEFENDANT DOMAIN NAME** |
| vs. | |
| danfriedkin.com, | |
| Defendant. | |

Plaintiff hereby provides notice that (1) <u>the registrant of the Domain Name at issue in this lawsuit, <www.danfriedkin.com> ("Domain Name"), has recently modified the Domain Name and is currently offering it for sale to the public-at-large</u>; and (2) the Domain Name registrant also confirmed receipt of Plaintiff's request for Entry of Default Judgment.  Because the registrant confirmed knowledge of this lawsuit and then modified the website, Plaintiff is legitimately concerned that, absent prompt action by this Court, the registrant may sell, transfer, and/or further encumber the Domain Name, causing further injury to Plaintiff.

Plaintiff filed this action on March 30, 2017, and published notice of this action on April 13, 2017.  (Doc. 8)  Plaintiff filed a Request for Entry of Default Against Danfriedkin.com on May 17, 2017 (Doc. 11), and the Clerk entered default on May 19, 2017 (Doc. 12).  Plaintiff then moved for default judgment on June 6, 2017.  (Doc. 13)  That motion remains pending.

Importantly, undersigned counsel sent a copy of the Complaint to the Domain Name's unlawful registrant, Mr. Rajesh Kumar, via e-mail on April 5, 2017.  (*See* Doc.

1  13-1 at ¶ 4)  Undersigned counsel also sent a copy of Plaintiff's Request for Entry of
2  Default to Mr. Kumar on May 17, 2017.  (*Id.* at ¶ 10)

3  On June 25, 2017, the registrant, Mr. Kumar, replied via email, saying "Thank
4  you for the update."  *See* Declaration of Shane E. Olafson at ¶ 2 ("Olafson Decl."),
5  attached as Exhibit A, and Exhibit 1 thereto.  Mr. Kumar's response confirms that he
6  has actual notice of this lawsuit and of Plaintiff's Request for Default Judgment.  Yet,
7  as of today's date, Mr. Kumar has not responded to the Complaint, nor the Request for
8  Default, nor the Motion for Entry of Default Judgment.  Plaintiff respectfully submits
9  that Mr. Kumar's inaction, combined with his actual knowledge of this lawsuit, further
10 supports Plaintiff's Request for Entry of Default Judgment.  *See, e.g., Block Corp. v.*
11 *Nunez*, No. 1:08-CV-53-SA, 2009 WL 198366, at *3 (N.D. Miss. Jan. 26, 2009)
12 (denying request to set aside default where defendant had confirmed receipt of court
13 documents via e-mail).

14 Although Mr. Kumar has not responded to any filing in this action, **he has**
15 **recently – i.e., *since* Plaintiff moved for entry of default judgment – modified the**
16 **Domain Name at issue**.  Plaintiff included a screenshot of the Domain Name in
17 Plaintiff's Motion for Default Judgment. (Doc. 13-1 at ¶ 12)  As noted in that
18 document, "there [was] no content provided on the Domain Name," other than a
19 GoDaddy "placeholder" page.  (*Id.*)

20 Now, however, the Domain Name contains the following solicitation:

**BUY THIS DOMAIN**
The owner of **danfriedkin.com** is offering it for sale for an asking price of 19000 USD!

25 Olafson Decl., at ¶ 3 and Exhibit 2 thereto.

26 Because the registrant has now modified the Domain Name and is expressly
27 offering it for sale to the public-at-large, Plaintiff is justifiably concerned that, unless
28

the Court takes prompt action with regard to Plaintiff's Motion for Default Judgment, Mr. Kumar may sell, transfer, lock, or otherwise dispose of or encumber the Domain Name. If that happens, Plaintiff may be further injured by being unable to acquire the Domain Name, or by having to take extra measures to recover the Domain Name, potentially against different parties. It is also possible that, if Mr. Kumar transfers the Domain Name to a third party, that third party could shield their identity using a product such as Domains by Proxy, making it difficult if not impossible to discern the identity of the owner of the Domain Name. *See, e.g., Dearborn Tree Serv., Inc. v. Gray's OutdoorServices, LLC*, No. 13-CV-12584, 2015 WL 4459331, at *3 (E.D. Mich. July 21, 2015) ("[R]ecords taken fromGoDaddy.com . . . show that Gray's 'used a domain privacy service known as Domains By Proxy, LLC through the domain registrar . . . to shield the owner's true identity.'"); *Edible Arrangements, LLC v. Provide Commerce, Inc.*, No. 3:14-CV-00250 VLB, 2015 WL 1321441, at *2 (D. Conn. Mar. 24, 2015) ("[T]he typosquatting domains appear to be registered through two privacy services companies, Whois Privacy Services Pty Ltd. ('Whois Privacy Services') and Fundacion Private Whois ('Fundacion'), which shield the identity of the domain name registrant. As a result, at this stage in the litigation the true owner of each of these typosquatting domains remains unknown.") (citations omitted).

Because Mr. Kumar confirmed receipt of documents pertaining to this litigation and subsequently modified the Domain Name to include an offer for sale, Plaintiff respectfully requests that the Court give expedited consideration to Plaintiff's Motion for Default Judgment. (Doc. 13).

DATED this 28th day of July, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/ Shane E. Olafson*
Shane E. Olafson
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Plaintiff*

101962342_1              3